## FISHER v. POTTER.

October 14, 1837.

*Rule to show cause why the writ should not be quashed.*

1. A summons which is issued less than ten days before a return day appointed by law, will not be quashed as irregular, under the law as it stood either before or since the act of 13th June, 1836, though before that act the issuing of a writ under such circumstances, might have been available only for certain purposes, such as a saving of the statute of limitations.

2. Where a summons has issued less than ten days before such return day, under the 34th section of the act of 13th June, 1836, judgment will be rendered for the plaintiff, unless the defendant has appeared absolutely on the expiration of ten days after the service of the writ and the usual *dies gratiæ*, viz. four days; provided they do not extend to a day when the court is not in session.

THIS was an action instituted to June term, 1837, No. 588, by summons returnable to the first Monday of June, which is the first day of the term.   The writ issued on the Friday preceding the return day mentioned therein, and which was the next return day after the date of issuing the writ.   The defendant obtained this rule to show cause why the writ should not be quashed.

[Fisher v. Potter.]

*Lee*, for the rule, referred to the provisions of the act of 13th June, 1836, relating to the commencement of actions, (*Stroud's Purd. tit. Action*), and argued that inasmuch as the writ had not issued ten days before the return day, it was irregular.

*T. I. Wharton*, contra.

The opinion of the court was delivered by

JONES, J.—The defendant in this case has obtained a rule to show cause why the writ of summons should not be quashed for irregularity. The writ was issued on the 2d day of June, which was Friday, and was made returnable on the Monday following, which was the next return day of the court. The objection is, that the writ is irregular because less than ten days intervened between the day of issuing and the return day, and being irregular, the writ is liable to be quashed.

By the law of this commonwealth, every day, except Sundays, is a judicial day for the purpose of issuing any process proper for the commencement of a civil action, and this rule, which is coeval with our institutions, is recognized by the article of the constitution which secures to every citizen remedy for an injury by due course of law without delay.

By another rule (as the law was previously to the act of 13th June, 1836,) every writ issued for the commencement of an action, should be made returnable to the first general return day after the day of the issuing of the writ. It is admitted that such is the rule in England as well as in this commonwealth, in respect to writs of *capias ad respondendum*, 2 *Bl.* 846–7, and although it should be conceded that the plaintiff in a writ of summons, might make his writ returnable at a day subsequent to the first general return day, yet it is conceived that such has never been the law or the practice in Pennsylvania. The act of 1700, about forms of writs, (*Franklin's Laws, ed.* 1742, p. 35,) which was merely a re-enactment of an earlier law, appoints the *next* court as the day for the defendant's appearance. This act was supplied, as it respects freeholders, by the act of 1724–5, in which the form of the writ does not specify the *next* court as the time of appearance. That this act, however, was not considered as supplying the act of 1700, in regard to persons not freeholders, is evident from the fact, that the act of 1700 is retained in Bradford's edition of the Laws, published in 1728; in Franklin's

[Fisher v. Potter.]

edition, 1742; and in Miller's edition, 1462. In the edition of Hall and Sellers, in 1775, it is said that this act of 1700 was repealed and supplied by the act of 1724–5, and the act of 1700 s omitted by Mr. Dallas and Judge Smith for the same reason. In practice, undoubtedly, the form of summons prescribed by the act of 1724–5, has been used in all cases since the revolution, and perhaps was so used during a few years previously. It cannot be supposed, however, that the form of the act of 1700, which is precise as it respects the day of appearance, would have been silently abandoned, unless the practice under the act of 1724–5 had been uniform to make writs of summons returnable to the next general return day of the court. We are safe therefore in affirming, that whatever may be the law of England, the law of Pennsylvania previously to the act of June, 1836, did not allow a plaintiff to appoint any day for the return of his writ of summons but the next general return day of the court. Indeed to allow the plaintiff an unlimited discretion, would give him a power which might be vexatiously, if not oppressively, used.

These two principles decide this question against the defendant. The writ issued on a day when it might issue, and was made returnable at the only day allowed for the purpose, previously to the act of 13th June, 1836.

It will be observed, that this opinion does not rest upon the peculiar provisions of the recent act, relating to the commencement of actions. But without that act, this process, though regular, (and therefore not liable to be quashed,) would be abortive as it respects the purpose of bringing the defendant into court to answer at the return day, although it would be a valid foundation for other process, and might avail to prevent the operation of the statute of limitation. The argument of the defendant does not discriminate between irregular process, and process which comes too late into the sheriff's hands to be executed with full effect. If the process is regular, it cannot be quashed, although it may be entirely abortive as it respects the effectual institution of a suit for defect of service; and if so, the service will be set aside, but the writ must stand *et valeat quantum valere possit*, which, in most cases, previously to the act of the 13th June, 1836, could be only to avoid the effect of lapse of time.

On the argument of this rule, the plaintiff gave notice that he

13*

[Fisher v. Potter.]

should ask for judgment under the 34th section of the act of 15th June, 1836, as ten days had elapsed from the day of the service. That motion is not now before us, but as we have considered the question we will suggest, that in our opinion the plaintiff will be entitled to judgment under that section, unless the defendant, who has appeared only *de bene esse* will appear generally. We think it right, however, as a general rule, to allow defendants the usual *dies gratiæ*, to be computed from the expiration of ten days from the service, provided they do not extend to a day when the court will not be in session.

Rule discharged.